UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLAM A. PASSARELLI,

    Plaintiff,                    CIVIL ACTION NO. 14-13655

vs.                              DISTRICT JUDGE JUDITH E. LEVY

                                  MAGISTRATE JUDGE MONA K. MAJZOUB

CHRIS SHAW,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William Passarelli, currently a prisoner at the Alger Correctional Facility in Munising, Michigan, filed this action under 42 U.S.C. §§ 1983 against Defendant Chris Shaw, a MDOC Corrections Officer, in his official capacity, related to events that occurred at the St. Louis Correctional Facility (SLF) while Plaintiff was incarcerated therein. (Docket no. 1.) It is unclear from Plaintiff's Complaint exactly which civil right or rights he alleges have been violated by Defendant, but as Defendant notes, Plaintiff appears to set forth an Eight Amendment claim, arguing that his conditions of confinement were unconstitutional because he feared for his own safety. (*See* docket no. 1.) Plaintiff seeks $500,000.00 in monetary damages, an order directing the MDOC to terminate Defendant Shaw's employment, and an order directing the MDOC to provide counseling for Plaintiff. (Docket no. 1 at 3.)

Before the Court is Defendant's Motion for Summary Judgment. (Docket no. 14.) Plaintiff filed a Response. (Docket no. 16.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 9.) The undersigned has reviewed the pleadings,

1

dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I. Recommendation

For the reasons discussed herein, the Court should grant Defendants' Motion for Summary Judgment [14]. This matter should be dismissed in its entirety.

## II. Report

### A. Background

On June 27, 2014, Defendant took Plaintiff to the property room at SLF so that Defendant could conduct a search of Plaintiff's duffel bag. There were no other prisoners in the property room at the time, but there were several televisions sitting in the room, which belonged to other inmates. After searching Plaintiff's bag, Defendant took several pieces of clothing to the property room label maker so that he could put Plaintiff's name on the clothes. Plaintiff then returned to his housing unit.[1] (*See* docket nos. 1 and 14.)

About five minutes after Plaintiff left the property room, Defendant noticed that one of the televisions was missing.[2] Defendant notified Plaintiff's unit manager that the television was missing and that Plaintiff had been the last prisoner in the property room; the television was found

---

[1] As discussed further herein, the events leading to Plaintiff's Complaint center on a missing television. Thus, the Parties make much ado regarding whether Defendant could see Plaintiff while he was at the label maker. Plaintiff argues that Defendant could see Plaintiff the entire time, so he could not have taken the television; instead, Plaintiff contends that he purchased the television from another inmate a day earlier. (Docket no. 16 at 1.) Defendant asserts that Plaintiff was out of his sight while he was at the label maker. (Docket no. 14 at 6-7.) Nevertheless, whether Plaintiff did, in fact, steal the television is irrelevant to the resolution of Defendant's instant Motion. Therefore, for purposes of this Report and Recommendation, the Court will accept Plaintiff's version of events.

[2] Regardless of when the television was actually taken, Defendant asserts that he did not notice it was missing until this time. (Docket no. 14 at 7.)

2

in Plaintiff's housing unit. (Docket no. 1 at 2; docket no. 14 at 7.)

Later in the day on June 27, 2014, the owner of the television confronted Plaintiff in the yard. Plaintiff told him that he had purchased the television from another inmate and that he did not have anything to do with its theft. Later that evening, another inmate approached Plaintiff and "asked him if his name was, (sic) William Passarelli, was his prison number 776936, and did he lock in unit 2 cell 215 and (sic) did he recently transfer in from Bellamy Creek Correctional Facility." (Docket no. 1 at 2.) When Plaintiff answered that he did, the inmate told Plaintiff to "go to the officer and lock up." (*Id.*) Plaintiff refused, so the next morning, the same inmate approached Plaintiff with a razor blade and cut his face. (*Id.*)

Rather than report the incident or receive treatment, Plaintiff returned to his cell, where he bandaged his face with toilet paper. Plaintiff alleges that officers who were making rounds noticed the blood in front of his cell and escorted him to health services where he received treatment. Plaintiff was then placed in protective custody until he was transferred to another prison. (*Id.* at 3.)

Plaintiff alleges that Defendant put his life in danger by telling the owner of the television that Plaintiff stole it and by giving the same individual Plaintiff's personal information. (Docket no. 1 at 3.) Defendant denies these allegations. (*See* docket no. 14 at 6-7.)

### B. Governing Law - Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;
> >
> > (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
> >
> > (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v.*

4

*Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

    **C.**    **Analysis**

The Eighth Amendment bars states from imposing punishments that are cruel and unusual, including those that involve the unnecessary and wanton infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Id.* (*citing Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Where a prisoner claims that his claims are based on conditions of confinement, the prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. That is, the plaintiff must show that he faced a sufficiently serious risk to his health or safety and that the defendant acted with "'deliberate indifference' to [his] health or safety." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying the deliberate-indifference standard to conditions of confinement claims)). "Fundamentally, the concept underlying the Eighth Amendment is nothing less than the dignity of humankind." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 564, 568 (6th Cir. 2013) (internal quotations, omissions, and modifications omitted).

To support a claim of deliberate indifference under the Eight Amendment, a Plaintiff must satisfy two components: an objective component, and a subjective component. *Id.* (*citing Harrison v. Ash*, 538 F.3d 510, 518 (6th Cir. 2008)). "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant . . . acted with a sufficiently culpable state of mind.'" *Quigley v.*

5

*Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

In a conditions-of-confinement context, the objective component of the deliberate-indifference inquiry is met when the plaintiff can show that the condition of confinement amounts to an "extreme deprivation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir.2004). In such cases, "courts look to the evidence presented regarding the duration of exposure and totality of conditions contributing to the alleged deprivation." *Eidam v. Bailey*, No. 10-34, 2011 WL 3269625, *3 (W.D. Mich. July 29, 2011) (citing *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir.2006)).

To satisfy the subjective component of a deliberate indifference claim and show that the defendant had a sufficiently culpable state of mind, a plaintiff must show that "'the official knows of and disregards' the substantial risk of serious harm." *Villegas*, 709 F.3d at 569 (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). The plaintiff need not prove, however, "that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Instead, a plaintiff must show that (1) the defendant "subjectively perceived facts from which to infer substantial risk to the [plaintiff]," (2) the defendant "did in fact draw that inference," and (3) the defendant "then disregarded that risk." *Quigley*, 707 F.3d at 681 (internal quotations omitted). Moreover, "[d]irect evidence about a defendant's knowledge is not necessary, but rather, the knowledge aspect of the subjective component can be determined ["in the usual ways, including inference from circumstantial evidence" *Quigley*, 707 F.3d at 682]." *Villegas*, 709 F.3d at 569. For example, "a factfinder may conclude that [the defendant] official knew of a substantial risk

6

from the very fact that the risk was obvious." *Quigley*, 707 F.3d at 682; *see also Villegas*, 709 F.3d at 569.

Plaintiff provides no evidence to suggest that Defendant provided his personal information to another inmate or that Defendant told another inmate that Plaintiff had stolen his television. Moreover, Plaintiff provides no information directly linking the assault by one inmate with the theft of another inmate's television. At most, Plaintiff provides bare speculation that Defendant Shaw had something to do with the attack, but such speculation is insufficient to survive Defendant's Motion. In his Response, Plaintiff asserts that he made a mistake when he used the phrase "[i]t is believed" that Defendant provided the information when, in fact, he should have used the phrase "[i]t is known." (Docket no. 16 at 3-4.) But Plaintiff's argument misses the point; regardless of the terminology used, Plaintiff has no evidence whatsoever to support his allegation.

Plaintiff also asserts in his Response that he heard two guards discussing the theft of the television and that one of them said "someone's going to fuck his ass up, watch." (*Id.* at 2.) And he further asserts that the officials at SLF did nothing to investigate the attack. (*Id.* at 3.) But these new allegations do nothing to support Plaintiff's claims. Plaintiff attributes the statement he overheard to "officer John Doe," who was speaking to "another officer being John Doe #2." (*Id.* at 2.) Plaintiff does not contend that either of these officers was Defendant. And whether the officials at SLF investigated the incident is irrelevant to whether Defendant put Plaintiff in danger.

In sum, Plaintiff has failed to provide any evidence to suggest that Defendant provided any information to any other inmate regarding the television at issue in this matter. And Plaintiff has failed to provide any evidence to suggest that Defendant was aware of any threat to Plaintiff's

safety. Thus, he has failed to support his claims under the Eighth Amendment. Moreover, as noted, it is unclear exactly what constitutional violations Plaintiff alleges through his Complaint. But regardless of his intent, Plaintiff's lack of evidence to support his factual allegations is fatal. Therefore, Defendant's Motion for Summary Judgment should be granted.

### D. Conclusion

For the reasons stated above, the Court should grant Defendants' Motion for Summary Judgment [14]. This matter should be dismissed in its entirety.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   June 12, 2015        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff William Passarelli on this date.

Dated:   June 12, 2015        s/ Lisa C. Bartlett
                              Case Manager