UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Passarelli,

                Plaintiff,      Case No. 14-cv-13655
                                  Hon. Judith E. Levy
v.                                     Mag. Judge Mona K. Majzoub

Chris Shaw,

                Defendant.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [18], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14], DENYING MOTION TO STAY [21], AND DENYING MOTION TO COMPEL [22]**

Plaintiff William Passarelli is a prisoner at the Alger Correctional Facility in Munising, Michigan. He filed this action under 42 U.S.C. § 1983 against defendant Chris Shaw, an officer with the Michigan Department of Corrections ("MDOC"), over events that occurred at the St. Louis Correctional Facility while plaintiff was incarcerated there. Plaintiff's claim appears to be that the conditions of his confinement violated his Eighth Amendment rights; specifically, that defendant "put the Plaintiff's life in great danger when he had given the Plaintiff's

1

information to another inmate." (Dkt. 1, Compl. 3.) Plaintiff seeks $500,000 in damages, termination of defendant's employment with MDOC, and counseling from MDOC. (Id.)

Before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation, issued on June 12, 2015. (Dkt. 18.) Magistrate Judge Majzoub recommends the Court grant defendant Chris Shaw's motion for summary judgment (Dkt. 14). Plaintiff timely filed objections to the Report and Recommendation. (Dkt. 19.)

For the reasons set forth below, the Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. Defendant's motion for summary judgment will accordingly be granted. Because this order will close the case, defendant's pending motion to stay discovery (Dkt. 21) and plaintiff's motion to compel discovery (Dkt. 22) will be denied as moot.

I. **Factual Background**

The factual background is fully set forth in the Magistrate Judge's Report and Recommendation and is adopted here.

## II. Standard of Review

Objections to a magistrate judge's report and recommendation must not be overly general, such as objections that dispute the correctness of the report and recommendation but fail to specify findings believed to be in error. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *see also Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

District courts review *de novo* those portions of a report and recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004).

## III. Analysis

A prisoner bringing a claim based on his conditions of confinement must show that the defendant acted with deliberate indifference to the prisoner's health or safety. *Helling v. McKinney*, 509 U.S. 25, 32-3

3

(1993). Establishing deliberate indifference requires both a showing that the condition is an "extreme deprivation," *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992), and that the defendant "perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013).

Plaintiff claims defendant gave plaintiff's identifying information to another inmate in order to "get the Plaintiff assaulted." (Dkt. 1 at 3.) The Magistrate Judge found plaintiff has submitted no evidence supporting this allegation. (Dkt. 18, Report & Recommendation 7.) Plaintiff objects to this finding on the ground that he "in fact knows" that defendant gave plaintiff's personal information to another inmate, in order to cause plaintiff to be assaulted. (Dkt. 19, Objection 1-2.) Plaintiff's assertion that he "in fact knows" this happened is not evidence supporting plaintiff's factual claim that defendant revealed plaintiff's personal information. *See* Fed. R. Civ. P. 56(c). The Magistrate Judge further found plaintiff has failed to provide evidence that defendant was aware of any threat to plaintiff's safety. (Dkt. 18 at 7-8.) Upon thorough examination of the record, the Court agrees.

Absent evidence that defendant gave plaintiff's personal information to another inmate, or that defendant knew of a threat to plaintiff's safety, plaintiff's claim cannot succeed.

### IV. Conclusion

Accordingly, the Magistrate Judge's Report and Recommendation (Dkt. 18) is ADOPTED;

Defendant's motion for summary judgment (Dkt. 14) is GRANTED;

Plaintiff's complaint (Dkt. 1) is DISMISSED with prejudice;

Defendant's motion to stay discovery (Dkt. 21) is DENIED as moot; and

Plaintiff's motion to compel discovery (Dkt. 22) is DENIED as moot.

IT IS SO ORDERED.

Dated: August 3, 2015          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

5

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2015.

                                                <u>s/Felicia M. Moses</u>
                                                FELICIA M. MOSES
                                                Case Manager